UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KIARA SMITH                                                                                       PETITIONER
ADC #107225

v.                              CASE NO.: 5:08CV00232-JLH-BD

LARRY NORRIS, Director,
Arkansas Department of Correction                                             RESPONDENT

RECOMMENDED DISPOSITION

I.      Procedure for Filing Objections:

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325


Pending is Petitioner's motions for voluntary dismissal (docket entries #6 and #8) and his motion for order (#13). Respondent opposes the motion for voluntary dismissal and argues the Court should dismiss the petition with prejudice. For the reasons that follow, the Court recommends that the District Court dismiss the petition with prejudice and deny Petitioner's pending motions as moot.

## II.    Background:

On July 8, 1996, Petitioner Kiara Smith entered a plea of guilty in Mississippi County Circuit Court to a charge of robbery. In a judgment and commitment order entered on the same day, the Circuit Court sentenced Petitioner to twenty years in prison. (#5-2 at p. 1) According to the judgment and commitment order, Petitioner was to serve ten years of his sentence, and the other ten years were to be suspended. (#5-2 at p.1)

On August 15, 2006, the Circuit Court found Petitioner guilty of violating the terms and conditions of his suspended sentence and entered a judgment and commitment order sentencing him to 48 months in the Arkansas Department of Correction ("ADC"). (#5-3)   Petitioner did not file a direct appeal from the judgment.

On May 15, 2007, Petitioner filed a petition to correct illegal sentence with the Circuit Court. On September 20, 2007, the Circuit Court denied the Petition. On October 30, 2007, Petitioner filed a habeas petition with the Circuit Court. The Circuit Court denied the habeas petition on November 7, 2007. On December 3, 2007, Petitioner filed a petition for writ of error coram nobis in the Circuit Court which was denied on

December 14, 2007.  On May 27, 2008, Petitioner filed a second petition to correct illegal sentence.  The second petition was denied by the Circuit Court on August 21, 2008.

On August 19, 2008, Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. (#2)  He raises several claims in his habeas petition.  He claims:  (1) his conviction was obtained by an unlawful guilty plea; (2) the State failed to disclose favorable evidence to the defense; (3) he had ineffective assistance of counsel; and (4) he was arrested unlawfully.  (#2 at pp. 4-5)

In his response to the petition (#5) and response in opposition to the motion for voluntary dismissal (#7), Respondent asserts that Petitioner's claims are barred by the applicable statute of limitations.

## III.   The Statute of Limitations:

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), established a one-year statute of limitations during which a state prisoner must commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The statute provides that the limitation period shall run from, "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review."

In this case, Petitioner was found guilty of violating the terms and conditions of his suspended sentence at a hearing held August 15, 2006.  (#5-4 at p. 8)  The Judge entered a judgment and commitment order the same day sentencing Petitioner to serve 48 months

in the ADC. (#5-3) Under Arkansas Rule of Appellate Procedure 4, Petitioner could have brought a direct appeal up to thirty days after the Circuit Court filed its judgment and commitment order. Thus, Petitioner's time for filing a direct appeal expired on September 14, 2006, and the statute of limitations began to run on September 15, 2006. Accordingly, absent any tolling of the limitations period, Petitioner's time for filing his habeas petition expired on September 14, 2007, over eleven months before Petitioner filed his petition. Petitioner's claims are barred by the statute of limitations unless he is entitled to statutory or equitable tolling.

    A.    **Statutory Tolling**

Title 28 U.S.C. § 2244(d)(2), provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." However, a petition for Rule 37 post-conviction relief that is not filed in a timely manner is not a "properly filed application for state post-conviction or other collateral review," and 28 U.S.C. § 2244(d)(2)'s tolling provision does not apply in that circumstance. *Pace v. DiGuglielmo*, 544 U.S. 408, 410-417 (2005); *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006); *Lewis v. Norris*, 454 F.3d 778, 781 (8th Cir. 2006).

As stated above, Petitioner had until September 14, 2006, to file a direct appeal of the judgment but chose not to appeal. Under Arkansas Rule of Criminal Procedure

37.2(c), Petitioner had until November 14, 2006, to file a post-conviction petition with the trial court, and he admits he did not meet that deadline. (#10 at p. 1) Petitioner filed his first post-conviction petition, a petition to correct an illegal sentence, with the Circuit Court on May 15, 2007, several months after the time for filing a Rule 37 petition had expired. The petition was denied by the Circuit Court on September 20, 2007.

Petitioner filed a state habeas petition on October 30, 2007, which the Circuit Court denied on November 7, 2007, and a petition for writ of error coram nobis with the Circuit Court on December 3, 2007, which was denied on December 14, 2007. Assuming, without deciding, that these petitions were "properly filed" for purposes of tolling the statute of limitations, the statute of limitations expired, at the latest, on February 11, 2008. Petitioner did not file his petition until August, 2008, six months after the statute of limitations expired.

    B.    **Equitable Tolling**

The statute of limitations set forth in 28 U.S.C. § 2244(d)(1) is also subject to equitable tolling. *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or when the conduct of the respondent has lulled the plaintiff into inaction. *Id*. (citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)). Equitable tolling is an "exceedingly narrow window of relief." *Id*. at 805. The Eighth Circuit has held that pro se status, lack of legal knowledge or legal resources, and

confusion about or miscalculations of the limitations period are inadequate grounds to warrant equitable tolling. See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

In his motion for order (#13), Petitioner claims ineffective assistance of counsel and judicial bias, during the hearing on August 15, 2006, led to his conviction for violating the terms of his suspended sentence when he was actually innocent. Petitioner does not allege, however, that ineffective assistance of counsel or judicial bias prevented him from filing his habeas petition on time. (#1 at p. 13) Petitioner does not offer any explanation for his delay.

The Court has carefully reviewed and liberally construed the petition, Petitioner's motions for voluntary dismissal, his reply to the response to his motions for voluntary dismissal, and his motion for order. The Court cannot find anything in Petitioner's filings to justify equitable tolling of the limitations period. Petitioner knew, or should have known through the exercise of due diligence, of all of the filing deadlines and of all of his claims.

Accordingly, Petitioner's claims were filed outside the one-year limitations period established by 28 U.S.C. § 2244(d) and are barred by the statute of limitations.

## IV.  Conclusion

The Court recommends that the District Court dismiss Petitioner's petition for writ of habeas corpus (#2) with prejudice and deny Petitioner's motions for voluntary

dismissal (#6 and #8) and his motion for order (#13) as moot.

DATED this 8th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE